**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4961**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

IRIS YANETH VILLALOBOS AGUILAR,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.    Anthony J. Trenga, District Judge.  (1:11-cr-00148-AJT-1)

_____

Submitted:  April 24, 2012              Decided:   May 1, 2012

_____

Before WILKINSON, MOTZ, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Alan H. Yamamoto, Alexandria, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Michael J. Frank, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Iris Yaneth Villalobos Aguilar ("Villalobos") appeals her convictions on thirteen counts of harboring an illegal alien, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (B)(i) (2006), and on two counts of unlawful monetary transactions, in violation of 18 U.S.C.A. § 1956(a)(1)(A)(i) (West Supp. 2011). On appeal, Villalobos attacks her convictions on two bases, arguing (1) that the district court committed plain error in failing to instruct the jury that it was required to find that Villalobos' conduct in harboring illegal aliens tended to substantially facilitate their remaining in the United States illegally, and (2) that the evidence was insufficient to convict her on nine of the thirteen counts of harboring an illegal alien. For the following reasons, we affirm.

Villalobos' dispute with the district court's instruction to the jury contends that the district court should have added an additional element to the crime of harboring an illegal alien; namely, that Villalobos' conduct "tended to substantially facilitate the alien remaining in the United States illegally." Villalobos did not object to the jury instructions in the district court and therefore concedes, as she must, that her current complaint about them is subject to plain error review. See United States v. Robinson, 627 F.3d 941, 953 (4th Cir. 2010).

2

As Villalobos points out, there is a split in the circuits regarding whether the element she now champions is part of the substantive offense of conviction. Compare United States v. Cuevas-Reyes, 572 F.3d 119, 121-22 (3d Cir. 2009) (requiring proof of substantial facilitation) with United States v. Ye, 588 F.3d 411, 416-17 (7th Cir. 2009) (rejecting defendant's argument that such an element is required). But regardless of any allure that Villalobos' argument may possess, her claims are before us only on plain error review. And an error cannot be "plain" where this court has not decided the issue and extra-circuit authority is divided. United States v. Rouse, 362 F.3d 256, 264 (4th Cir. 2004). We therefore conclude that, even if the jury instruction was erroneous, her argument must fail.

Villalobos also challenges nine of the thirteen counts of alien harboring of which she was convicted as unsupported by sufficient evidence. When a defendant challenges the sufficiency of the evidence on appeal, this court views the evidence and all reasonable inferences in favor of the government and will uphold the jury's verdict if it is supported by "substantial evidence." United States v. Cameron, 573 F.3d 179, 183 (4th Cir. 2009). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond

a reasonable doubt." Id. (internal quotation marks omitted). Where the record supports conflicting inferences, this court must presume that the factfinder resolved any such conflicts in favor of the prosecution. McDaniel v. Brown, 130 S. Ct. 665, 673 (2010).

As to the nine counts at issue in this appeal, Villalobos contends either that there was no evidence that she knew that the individuals recited in the counts were illegal aliens or that she ever received payment from them. But, with respect to her receipt of rental payments from her tenants, "[t]he statute . . . does not require evidence of an actual payment or an agreement to pay. It merely requires that the offense was done for the purpose of financial gain." United States v. Yoshida, 303 F.3d 1145, 1152 (9th Cir. 2002). As Villalobos admitted at trial, she charged rent from her undocumented alien tenants and noted that her tenants were helping her pay her mortgage. She also agreed at trial that nine of her home's ten rooms were rented out at a rate of $520 per month, and that she grossed $4500 per month. The jury was entitled to infer on the basis of this evidence that every tenant paid rent to her. At minimum, we conclude that the evidence adduced at trial sufficed to show that Villalobos committed the offense with respect to each individual noted in the indictment for the purpose of financial gain.

4

With respect to Villalobos' assertion that the Government inadequately proved her knowledge that her tenants were illegal aliens, the statute permits conviction where one harbors an illegal alien with simply "reckless disregard" of his undocumented status. 8 U.S.C. § 1324(a)(1)(A)(iii); United States v. Figueroa, 165 F.3d 111, 119 n.10 (2d Cir. 1998). A defendant acts with reckless disregard where she is aware of but consciously ignores facts and circumstances clearly indicating that an individual is an undocumented alien. United States v. Perez, 443 F.3d 772, 781 (11th Cir. 2006). "Circumstantial evidence alone can establish a defendant's knowledge or reckless disregard that the people harbored are illegally in the country." United States v. De Jesus-Batres, 410 F.3d 154, 161 (5th Cir. 2005).

Our review of the record here convinces us that substantial evidence supports the jury's conclusion that Villalobos recklessly disregarded the risk that each of her tenants was an undocumented alien. Not only did she admit at trial that she knew that numerous of her tenants were illegal aliens when immigration "showed up" — which the jury was entitled to infer was a reference to federal authorities' first visit, several months before her tenants were eventually removed from her residence — but she also admitted that "it was the same" to her whether her tenants possessed proper documentation

5

or did not. Moreover, the vast majority of the individuals living in Villalobos' home were undocumented aliens, supporting an inference that Villalobos was aware that undocumented aliens were especially attracted to the accommodations she had on offer. Particularly inasmuch as Villalobos took no steps to ascertain the status of her tenants even after repeatedly being warned by officials that numerous of her tenants were not properly documented, we conclude that the evidence adduced at trial supported a finding that Villalobos recklessly disregarded the risk that each of her tenants was undocumented.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument will not aid the decisional process.

<u>AFFIRMED</u>

6